```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AMY SILVIS,                             :
on behalf of herself and all            :    CIVIL ACTION
others similarly situated,              :    NO. 14-5005
                                        :
       Plaintiff,                       :
                                        :
            v.                          :
                                        :
AMBIT ENERGY, L.P. et al.,              :
                                        :
       Defendants.                      :
```

# **O R D E R**

**AND NOW**, this **13th** day of **March, 2015**, upon consideration of Defendants' Motion to Dismiss (ECF No. 19), it is hereby **ORDERED** that the motion is **GRANTED in part and DENIED in part**,[1] as follows:

---

[1] A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks removed). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

(1) Defendants' Motion is **GRANTED** as to all non-

contracting Defendants;[2]

---

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[2] Plaintiff Amy Silvis, a Pennsylvania resident, brings this class action against Defendant Ambit Northeast, LLC, a Delaware company with a principal place of business in Dallas, Texas, and six other related entities, all with principle places of business in Dallas, Texas (collectively, "Defendants"): Ambit Energy, L.P., Ambit Texas, LLC, Ambit Energy (an assumed name of Ambit Northeast, LLC), Ambit Energy Holdings, Ambit Energy Holdings, LLC, and Ambit Holdings, LLC. Plaintiff contracted with Defendant Ambit Northeast, LLC, to supply her electricity. Plaintiff alleges that Defendants breached their promise to charge her a competitive variable rate "keyed to market factors." Am. Compl. ¶ 17. Accordingly, Plaintiff has sued Defendants for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and declaratory relief.

Defendants argue that all named Defendants who were not parties to the contracts at issue (i.e., the Residential Disclosure Statement, Am. Compl. Ex. C, and the Sales Agreement & Terms of Service, id. Ex. B) must be dismissed. See Def.'s Br. 15. Per the express provisions of the contracts, Defendant Ambit Northeast, LLC, is the only contracting party. See Am. Compl. Exs. B, C. Nonetheless, Plaintiff has alleged that the contracting Defendants were agents of the non-contracting Defendants, and thus that the non-contracting Defendants may still be held liable. Even assuming arguendo that Plaintiff's

(2) Defendants' Motion is **GRANTED** as to Plaintiff's claims for breach of the covenant of good faith and fair dealing;[3]

---

claims do not fail as a matter of law, she has not sufficiently alleged facts showing that an agency relationship exists. She has alleged only that the contracting and non-contracting Defendants are related entities (parents and subsidiaries), that the contract identified Ambit Northeast, LLC, as a subsidiary of Ambit Energy Holdings, and that Defendants share the same address. Although she requests discovery so that a factual record can be developed in support of her agency theory, she has not articulated a proper basis even to open the door to discovery. See, e.g., USPro Coatings & Bldg. Restoration, Inc. v. DIG-HP Cherry Hill Operating, LLC, No. 10-1715, 2011 WL 476521, at *4 (E.D. Pa. Feb. 8, 2011) (allowing discovery where plaintiff alleged that the principal's conduct "dominated the transaction"); Garczynski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 512 (E.D. Pa. 2009) (dismissing with prejudice claim against principal lender where plaintiff did not allege that principal exerted any control over the agent broker, and where agent presented plaintiff's loan application to several lenders before principal approved the loan). In sum, Plaintiff's agency theory is speculative in nature and utterly dependent on what discovery might turn up. Her allegations are conclusory and the Court will grant Defendants' Motion as to the non-contracting Defendants and dismiss them from the breach of contract and declaratory relief claims. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

[3] Pennsylvania does not recognize a separate cause of action for breach of the covenant of good faith and fair dealing when a plaintiff is also suing for breach of contract. Burton v. Teleflex, Inc., 707 F.3d 417, 432-33 (3d Cir. 2013); Oates v. Wells Fargo Bank, N.A., 880 F. Supp. 2d 620, 628 (E.D. Pa. 2012) (Robreno, J.); and JHE, Inc. v. Se. Pa. Transp. Auth., No. 1790, 2002 WL 1018941, at *5 (Pa. Com. Pl. May 17, 2002)). Plaintiff may base her arguments on the implied covenant, but these are properly subsumed within her breach of contract claim, where they may act as "interpretive tools" in determining that claim. See Oates, 880 F. Supp. 2d at 628 (quoting Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 91-92 (3d Cir. 2000)). The Court will grant Defendants' Motion as to the breach of covenant of good faith and fair dealing claims.

(3) Defendants' Motion is **GRANTED** as to Plaintiff's unjust enrichment claims against the non-contracting Defendants;[4]

(4) Defendants' Motion is **DENIED** as to Plaintiff's unjust enrichment claim against the contracting Defendant, Ambit Northeast, LLC;[5]

---

[4] Pennsylvania law precludes a plaintiff from claiming unjust enrichment if she also pleads the existence of a valid, express contract. Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254 (Pa. 2006). Plaintiff attempts to keep her claims against the non-contracting Defendants alive by pleading unjust enrichment. She argues that, because the contract's validity has been challenged with respect to these Defendants, the Court should allow the unjust enrichment claim to proceed in the alternative. Pl.'s Br. 18. Unfortunately, Plaintiff fails to sufficiently plead that these Defendants received any unjust benefits. She has pled that Defendants are all affiliates and argues now that they participated in a "common business scheme." Id. at 20. In other words, Plaintiff believes that a parent may be held liable for unjust enrichment when a subsidiary receives an allegedly improper benefit. This is incorrect. Parents and subsidiaries are legally distinct entities. Allowing Plaintiff's claim to proceed where she has (1) failed to show any conferral of benefit other than a general allegation of ownership, and (2) failed to show that any such conferral is unjust, would allow her to make an end-run around Pennsylvania's policy prohibiting contract claims against non-contracting parties. See Roman Mosaic & Tile Co. v. Vollrath, 313 A.2d 305, 307 (Pa. Super. Ct. 1973). The Court will grant Defendants' Motion as it relates to the unjust enrichment claims against the non-contracting Defendants. Because no remaining claims implicate these Defendants, they will be terminated from the case.

[5] With respect to Defendant Ambit Northeast, LLC, the parties do not dispute that this is a contracting Defendant. However, as discussed in footnote 6 below, the parties dispute which documents form the integrated agreement. Therefore, to the extent there is a question regarding which contract applies, the contract's validity is at issue and Plaintiff may plead unjust enrichment as an alternative claim, an issue which can be

(5) Defendants' Motion is **DENIED** as to Plaintiff's claim for breach of contract;[6]

(6) Defendants' Motion is **DENIED** as to Plaintiff's claim for declaratory and injunctive relief;[7]

(7) Defendants' Motion is **DENIED as moot** with respect to Defendants' improper group pleading arguments;

(8) Defendants' Motion is **DENIED without prejudice** as

---

revisited at the summary judgment stage upon a more fully developed record. The Court will deny Defendant's Motion as to the unjust enrichment claim against Defendant Ambit Northeast, LLC.

[6] Under Pennsylvania law, a breach of contract claim includes the following elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (alteration in original) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). The parties here do not agree on which documents form the contract that Plaintiff is suing on. The dispute centers on whether the Residential Disclosure Statement is a fully integrated contract in its own right, or whether the contract also includes the Sales Agreement & Terms of Service. As the Court noted during oral argument, the current record is insufficient for it to answer this question. Taking the facts in the light most favorable to Plaintiff as the nonmoving party, the Court will deny Defendant's Motion as to the breach of contract claim and permit the case to proceed.

[7] Plaintiff argues that declaratory and/or injunctive relief is proper here because she expects to continue her energy contract with Defendants and thus there is a forward-looking component to her potential losses. At this early stage in the proceedings, Plaintiff's request for declaratory relief is reasonable, as it serves a useful purpose and may terminate ongoing uncertainty. See CGU Life Ins. Co. of Am. v. Metro. Mortg. & Sec. Co., 131 F. Supp. 2d 670, 674 (E.D. Pa. 2001). The Court will deny Defendants' Motion as to Plaintiff's declaratory and injunctive relief claims.

5

to Plaintiff's request for class certification;

(9) Defendants Ambit Energy, L.P., Ambit Texas, LLC, Ambit Energy, Ambit Energy Holdings, Ambit Energy Holdings, LLC, and Ambit Holdings, LLC, are **TERMINATED** from the case;

(10) Counts I-VIII, X, and XIII-XXVIII of the Amended Complaint are **DISMISSED**; and

(11) Counts IX, XI, and XII of the Amended Complaint may proceed to the extent they seek relief from Defendant Ambit Northeast, LLC.

It is **FURTHER ORDERED** that Defendants' Motion for Leave to File a Reply Brief (ECF No. 25) is **GRANTED**.[8]

**AND IT IS SO ORDERED.**

                                          **/s/ Eduardo C. Robreno**
                                            **EDUARDO C. ROBRENO, J.**

---

[8] The Court considered the contents of the brief in its determination of the Motion to Dismiss.