*EXECUTION COPY*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMY SILVIS, on behalf of herself
and all others similarly situated,

       Plaintiff,

   vs.

AMBIT NORTHEAST, LLC

       Defendant.

No. 2:14-CV-05005-ER

**CLASS ACTION**

## SETTLEMENT AGREEMENT

Subject to the approval of the Court, Plaintiff Amy Silvis ("Plaintiff" or "Named Plaintiff"), acting individually and on behalf of the Settlement Class as defined herein, and Defendant Ambit Northeast, LLC ("Defendant"), enter into this Settlement Agreement ("Settlement Agreement" or "Agreement") as of this 29th day of September 2017. Plaintiff and Defendant are referred to herein as the "Parties" and each as a "Party."

**I.  RECITALS**

  A.  Plaintiff Amy Silvis filed a Class Action Complaint against Defendants on August 27, 2014, styled *Silvis v. Ambit Energy, L.P. et. al.,* Civil Action 2:12-CV-05005-ER ("Litigation"), in the United States District Court for the Eastern District of Pennsylvania ("Court").

  B.  On November 10, 2014, Defendants Ambit Energy, L.P.; Ambit Texas, LLC; Ambit Northeast, LLC; Ambit Holdings, LLC; and Ambit Energy Holdings, LLC (collectively, "Defendants") filed a motion to dismiss the Class Action Complaint, and, in response, Plaintiff filed a First Amended Class Action Complaint. Plaintiff alleged that Defendants' acts and omissions in connection with their electric energy supply activities constituted breach of contract and a breach of the covenant of good faith and fair dealing and warranted declaratory relief and damages.

C.      On December 23, 2014, Defendants filed a Motion to Dismiss the First Amended Class Action Complaint, and on January 6, 2015, Defendants filed a Motion to Transfer Venue.

D.      On January 20, 2015, Plaintiff filed Oppositions to the Motions.

E.      On March 13, 2015, Defendants' Motion to Transfer Venue was denied, and their Motion to Dismiss was Granted in Part and Denied in Part. All Defendants, except Defendant Ambit Northeast, LLC, were dismissed.

F.      On April 2, 2015, Defendant filed an Answer to the First Amended Class Action Complaint, denying any wrongdoing and asserting several defenses.

G.      On April 21, 2015, Defendant filed a Motion for Summary Judgment.

H.      Discovery ensued, during which the Parties propounded and responded to written discovery, and documents were produced by Defendant and reviewed by Plaintiff. Deposition testimony was taken by Plaintiff of Defendant's key personnel.

I.      The Court granted the Motion for Summary Judgment on March 21, 2016. On January 19, 2017, the Third Circuit vacated the grant of summary judgment and remanded the case to the Court.

J.      The Parties engaged in arm's-length settlement negotiations, including a full-day mediation at JAMS in Philadelphia, PA on July 19, 2017, conducted by the Honorable Diane Welsh (Ret.). At mediation and as a result of these settlement negotiations, the Parties reached an agreement in principle on the settlement of the claims of the Named Plaintiff and the Settlement Class.

K.      On July 26, 2017, the Parties executed a Memorandum of Understanding.

L.      The Parties recognize and acknowledge the benefits of settling this Litigation. Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports her claims. Plaintiff's counsel has conducted an investigation into the facts and the law regarding the claims in the Litigation. Despite her belief in the strengths of her case, Plaintiff is

mindful of the problems of proof for, and possible defenses to, the claims in this matter. Plaintiff further recognizes and acknowledges the expense and length of time that proceedings necessary to prosecute this matter against the Defendant through trial, post-trial proceedings, and appeals would take. Counsel for Plaintiff has taken into account the uncertain outcome and risks of the Litigation, as well as the difficulties and delays inherent in the Litigation and the likelihood of protracted appeals. Among other things, Plaintiff has considered: (i) the risks posed by a possible supplemental motion for summary judgment by Defendant on the substantive claims and damages asserted by Plaintiff in this Litigation; and (ii) the difficulties faced by Plaintiff in certifying a class for claims such as those asserted by Plaintiff in this Litigation. Plaintiff believes that the terms and conditions set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiff and Plaintiff's counsel have determined that a settlement of the Litigation based on the terms and conditions set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Plaintiff and each member of the Settlement Class.

M.     Defendant maintains that no law has been violated, it has done nothing wrong, and it has several meritorious defenses to the claims asserted in these actions. Nevertheless, Defendant recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending a putative class action, the costs of any appeals, and the disruption to its business operations arising out of burdensome and protracted litigation. Accordingly, Defendant believes that the Settlement set forth in the Agreement is likewise in its best interests.

N.     Defendant expressly denies any and all liability and/or wrongdoing with respect to any and all of the claims alleged in the Litigation and any similar proceedings and enters into this Settlement solely to compromise a disputed claim. Accordingly, any references to the alleged business practices of Defendant in this Settlement, this Agreement, or the related Court hearings and processes

shall raise no inference respecting the propriety of those business practices or any other business practices of Defendant.

NOW, THEREFORE, in consideration of the agreements and releases set forth herein and other good and valuable consideration, and intending to be legally bound, the Parties agree that the Litigation be settled, compromised, and dismissed on the merits and with prejudice, without costs to the Parties except as provided herein, subject to the approval of the Court, on the following terms and conditions:

## II. SETTLEMENT TERMS

### A. Definitions

1. "Claim Deadline" means the last date on which a Claim Form may be submitted. The Claim Deadline will be one hundred and eighty (180) days after the Preliminary Approval Date; however, if the applicable date falls on a weekend or federal holiday, then the Claim Deadline shall be the next day that is not a weekend or federal holiday.

2. "Claim Form" means the form that will be completed by Class Members and submitted to the Settlement Administrator in order to receive settlement benefits.

3. "Class Counsel" means Jonathan Shub, Esq., of Kohn, Swift & Graf P.C. and Troy M. Frederick, Esq., of Marcus & Mack P.C.

4. "Class Member" means a member of the Settlement Class who does not properly and timely elect to be excluded from the Settlement Class.

5. "Class Period" means January 1, 2011 through the Preliminary Approval Date.

6. "Complaint" means the First Amended Class Action Complaint filed on November 24, 2014.

7. "Court" means the United States District Court for the Eastern District of Pennsylvania.

8. "Effective Date" means the date on which all of the following conditions are satisfied:

a. Execution of this Agreement by the Named Plaintiff and Defendant;

b. No Party has availed itself of any right to withdraw from, rescind, or terminate the Agreement pursuant to Section III.B.1 or III.C herein;

c. Entry of the Final Approval Order by the Court approving the Settlement embodied in this Agreement;

d. Entry of a judgment dismissing the Litigation with prejudice and against Plaintiff and as to all Class Members and without costs; and

e. The passage of the earliest date on which: (i) the time for taking an appeal from the Final Approval Order and judgment has expired, with no appeal being filed; or (ii) if an appeal is taken, the highest court to which such appeal may be taken affirms the Final Approval Order and judgment or dismisses the appeal without, in either case, any material modification of the Final Approval Order that is unsatisfactory to the Parties; provided, however, a modification or reversal on appeal of any amount of fees or expenses awarded by the Court to Class Counsel or of the Named Plaintiff Enhancement Award is not material and shall not prevent this Agreement from becoming final and effective if all other aspects of the Final Approval Order and judgment have been affirmed.

Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

9. "Eligible Class Member" means a Class Member who has submitted a timely and proper Claim Form in accordance with the requirements set forth in this Agreement.

10. "Fairness Hearing" or "Final Approval Hearing" means the hearing to be held by the Court, on notice to the Settlement Class, to consider final approval of the Settlement. Class Counsel also may raise at this hearing their motion for approval of attorneys' fees and reimbursement of costs

and expenses and the Named Plaintiff Enhancement Award; however, any order relating to Class Counsel's motion for approval of attorneys' fees and reimbursement of costs and expenses and the Named Plaintiff Enhancement Award shall be separate and apart from the Final Approval Order. The Parties will ask the Court to schedule the Fairness Hearing not more than one hundred twenty (120) days from the Preliminary Approval Date.

11.     "Final Approval Order" means the Order granting final approval to the Settlement. The Final Approval Order should not be entered sooner than ninety (90) days after the appropriate officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715(b).

12.     "Named Plaintiff Enhancement Award" means the monetary amount awarded by the Court to Named Plaintiff in recognition of the assistance provided by the Named Plaintiff in the prosecution of the Litigation, for which Class Counsel shall ask for an amount not to exceed Five Thousand Dollars ($5,000.00).

13.     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

14.     "Preliminary Approval Order" means the Order granting preliminary approval of the Settlement, conditionally certifying the Settlement Class for the purposes set forth in this Agreement, and approving the form and manner of service of the Settlement Notice.

15.     "Released Claims" means and includes any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, injuries, damages and liabilities of any nature whatsoever, whenever or however incurred, including claims for costs, fees, expenses, penalties, and attorney's fees, whether class or individual, known or unknown, suspected or claimed, that Plaintiff, the Class Members, or any Class Member ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity against any of the

Released Persons, whether in law or equity or otherwise, arising out of or relating to any conduct, act, or omission of any of the Released Persons concerning any of the conduct or similar conduct alleged or that could have been alleged in the Litigation, wherever it may have occurred, or that relates to or arises out of the rates charged to customers in connection with the Select Variable Plan.

16.     "Released Persons" means Defendant and all of its current and former parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective, current, and former officers, directors, partners, owners, employees, agents, attorneys, and insurers.

17.     "Select Variable Plan" means the electricity rate plan known as the Select Variable Plan that was offered by Defendant to residential customers in Pennsylvania.

18.     "Settlement" means the settlement of the Litigation embodied in this Agreement.

19.     "Settlement Administrator" means Angeion Group, the entity jointly selected by the Parties to administer the Settlement.

20.     "Settlement Class" means for purposes of the Settlement and this Agreement:

> All persons in the Commonwealth of Pennsylvania who were enrolled as a customer of Defendant and were on Defendant's Select Variable Plan at any time during the Class Period.

Excluded from the Settlement Class are: Defendant, any entities in which Defendant has a controlling interest, and any of their parents, subsidiaries, affiliates, officers, directors, and employees and members of each such person's immediate family; the presiding judge(s) in this case and his(their) immediate family; and any person who has previously released claims against Defendant, including but not limited to persons who released claims against Defendant pursuant to the settlement of a complaint submitted to the Pennsylvania Utility Commission (PUC).

21.     "Settlement Notice" is the notice to the Settlement Class that describes the Settlement and the Agreement and for which form and manner of service is approved by the Court.

22.     "Time Periods" means each of the months an Eligible Class Member was enrolled as a customer of Defendant and was on the Select Variable Plan. For purposes of this definition, an Eligible Class Member shall be considered to have been enrolled as a customer of Defendant and on the Select Variable Plan for a particular month if the Eligible Class Member was enrolled as a customer of Defendant and on the Select Variable Plan for at least one day of that month.

### B.     Stipulation to Class Certification

The Parties stipulate that the requirements are satisfied and that the Settlement Class may be conditionally certified as a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) subject to Court approval and for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendant's right to contest class certification in the event that this Agreement fails to become effective or is not fully implemented in accordance with its terms. If the Effective Date does not occur or this Agreement fails to be fully implemented, Defendant reserves all rights to object to any subsequent motion to certify any class in this Litigation, and no representation, concession, or stipulation made in connection with the Settlement or this Agreement shall be considered law of the case or an admission by Defendant or to have any kind of preclusive effect against Defendant or to give rise to any form of estoppel or waiver by Defendant in this Litigation.

Defendant reserves all rights to object to any motion to certify any class in any other proceeding, and no representation, concession, or stipulation made in connection with the Settlement or this Agreement shall be considered an admission by Defendant or to have any kind of preclusive effect against Defendant or to give rise to any form of estoppel or waiver by Defendant in any other proceeding.

### C.     Class Counsel

The Parties agree, subject to Court approval, that Jonathan Shub of Kohn Swift & Graf, P.C. and Troy Frederick of Marcus & Mack P.C. shall be appointed Class Counsel, for settlement purposes only

in accordance with the terms of this Agreement and without prejudice to Defendant's right to contest the appointment in the event that this Agreement fails to become effective or is not fully implemented in accordance with its terms. If the Effective Date does not occur or this Agreement fails to be fully implemented, Defendant reserves all rights to object to any subsequent motion to appoint class counsel in this Litigation. Defendant reserves all rights to object to any motion to appoint class counsel in any other proceeding against Defendant, and no representation, concession, or stipulation made in connection with the Settlement or this Agreement shall be considered an admission by Defendant or to have any kind of preclusive effect against Defendant or to give rise to any form of estoppel or waiver by Defendant in any other proceeding.

### D.    Settlement Administration

Subject to oversight and regular reporting to Class Counsel, the Settlement Administrator will be responsible for notice to the Settlement Class and administration of claims of the Class Members, including: (a) creating and maintaining a database of names and addresses of the Settlement Class and Class Members; (b) comparing that database with a national change of address database; (c) emailing or printing and mailing notices as approved or directed by the Court, including the Settlement Notice, each with an assigned unique claim number; (d) compiling email and mailing address information for and re-sending any notices returned as undeliverable; (e) developing and maintaining the website described in Section II.F; (f) the maintenance of a toll-free telephone number dedicated to the Settlement; (g) providing a blank Claim Form by mail or e-mail to any Class Members who request one; (h) compiling a list of Eligible Class Members who submit timely and properly completed Claim Forms, either by mail or via the website, and verifying the accuracy and completeness of the Claim Forms; (i) communicating and coordinating with Defendant regarding Claim Forms submitted by Eligible Class Members, the Claims Information, and the Claims Payment Information. Defendant will pay all

reasonable and necessary costs from the Settlement Administrator to perform the duties set forth in this Section II.D.

E.     Notice

The Parties agree to cooperate in drafting the Settlement Notice, ensuring that the Settlement Notice complies with the requirements of Fed. R. Civ. P. 23 and due process, and obtaining Court approval of the Settlement Notice. Copies of the proposed Settlement Notice shall be filed with the motion for preliminary approval, which shall request Court approval of the form of the Settlement Notice and manner of service by first-class mail and also by e-mail, where an email address is available, within twenty-one (21) days after the Preliminary Approval Date. In addition, counsel for Defendant shall cause: (1) a summary notice of the Settlement and the Fairness Hearing to be published once in each of the following publications, as ordered by the Court: Philadelphia Inquirer, Pittsburgh Post-Gazette, Harrisburg Patriot News, Allengtown Morning Call, and Erie Times-News; and (2) a notice of the Settlement to be sent to the appropriate official(s) pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, each no later than ten (10) days after the Preliminary Approval Date, with the costs of such notice to be paid by Defendant.

No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator and Defendant shall certify to the Court compliance with the notice provisions of this Section II.E for which each was responsible.

F.     Website

The Settlement Administrator will create and maintain a website that provides: (1) a copy of this Agreement, the Settlement Notice, and certain selected pleadings and Court Orders from the Litigation; (2) the Settlement Administrator's contact information for claims administration

purposes; (3) Class Counsel's contact information; (4) a method and form for the electronic submission of the Claim Form(s); and (5) a method for requesting the Claim Form(s) by mail or e-mail. The content on the website, including the method and form for the electronic submission of the Claim Form(s), shall be available to the public no later than twenty-one (21) days after the Preliminary Approval Date.

### G.    Settlement Amounts

Eligible Class Members shall be entitled to payment as follows:

1.      Each Eligible Class Member with a date of enrollment as Defendant's customer from January 1, 2011, through January 12, 2014, and who was on Defendant's Select Variable Plan at any time, will receive a check in the amount of 15% of all amounts paid to Defendant by such Eligible Class Member only for Time Periods during which such Eligible Class Member was on the Select Variable Plan.

2.      Each Eligible Class Member with a date of enrollment as Defendant's customer from January 13, 2014, through the Preliminary Approval Date, and who was on Defendant's Select Variable Plan at any time, will receive a check in the amount of 2% of all amounts paid to Defendant by such Eligible Class Member only for the Time Periods during which such Eligible Class Member was on the Select Variable Plan.[1]

Not later than ten (10) days following the Effective Date, the Settlement Administrator shall provide to Defendant a list of Eligible Class Members that is current as of the Effective Date. Thereafter, the Settlement Administrator shall provide to Defendant a list of additional Eligible Class

---

[1] A limited number of members of the Settlement Class with dates of enrollment as Defendant's customer from January 13, 2014, through the Preliminary Approval Date did not receive an updated Disclosure Statement from Defendant prior to becoming enrolled on Defendant's Select Variable Plan. These members of the Settlement Class, if they are Eligible Class Members, will be treated as if they had enrolled as Defendant's customer on or before January 12, 2014, for purposes of determining the amount of the check they will receive in the Settlement. Defendant will provide a list of these members of the Settlement Class, identified by customer number, to Plaintiff's counsel and to the Settlement Administrator within thirty (30) days of the Preliminary Approval Date.

Members on a bi-weekly basis for the remainder of the Claim Period, and a final list of any additional Eligible Class Members not later than ten (10) days after the Claim Deadline. Not later than ten (10) business days after receiving each list of Eligible Class Members, Defendant shall provide to the Settlement Administrator for each Eligible Class Member on that list: (a) the date of enrollment of the Eligible Class Member as Defendant's customer; and (2) the aggregate amount of monies paid to Defendant only for the Time Periods for which the Eligible Class Member was on the Select Variable Plan (the "Claims Information"). Not later than ten (10) days after receiving the Claims Information, the Settlement Administrator shall calculate and provide to the Defendant the amount, if any, owed to each Eligible Class Member included in that Claims Information pursuant to the terms of the Settlement (the "Claims Payment Information").

Within thirty (30) days after receipt of the Claims Payments Information from the Settlement Administrator Defendant shall issue a check to each Eligible Class Member included in that Claims Payment Information for the amount set forth in the Claims Payment Information. The check will be delivered to each Eligible Class Member at the address listed on each Eligible Class Member's Claim Form by first-class mail. Each Eligible Class Member receiving a check shall have one hundred twenty (120) days from the date of mailing of the check within which to cash the check. Upon the expiration of one hundred twenty (120) days from the date of mailing of the check, the check will become void, and the Eligible Class Member shall not be entitled to any payment. The voiding of any such check by the passage of time as described in this Section II.G shall not invalidate any of the other provisions of this Agreement as to any Class Member, including the release in Section II.J.

## H.    Other Payments by Defendant

Defendant will not oppose or object to a request by Class Counsel for an award of attorneys' fees and costs in an amount not to exceed $1,450,000. This request is subject to approval by the Court, and the final amount awarded to Class Counsel by the Court will be paid by Defendant up to

$1,450,000. The award of attorneys' fees and costs to Class Counsel is separate and apart from any amounts paid to Eligible Class Members and the Named Plaintiff Enhancement Award. Defendant agrees to pay the amount awarded by the Court to Class Counsel up to $1,450,000 within ten (10) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from the order awarding the fees has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the fees, the highest court to which such appeal may be taken affirms the order awarding the fees. Notwithstanding anything contained in this Agreement that might be construed to the contrary, it is understood by the Parties and Class Counsel that attorneys' fees, costs and expenses, in the amount awarded by the Court up to $1,450,000, are the only such fees, costs and expenses that Defendant will pay in connection with this Settlement.

Defendant agrees to pay the amount awarded by the Court to Named Plaintiff Amy Silvis as the Named Plaintiff Enhancement Award up to $5,000 within ten (10) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from the order awarding the Named Plaintiff Enhancement Award has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the Named Plaintiff Enhancement Award, the highest court to which such appeal may be taken affirms the order awarding the Named Plaintiff Enhancement Award.

The procedure for and the allowance or disallowance of any application for attorneys' fees and expenses and the Named Plaintiff Enhancement Award are matters separate and apart from the approval of the Settlement and shall be requested to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and set forth in an order separate from the Final Approval Order. Any order relating solely to an award of attorneys' fees and expenses or the Named Plaintiff Enhancement Award, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to, or be grounds to, terminate or cancel the Settlement or to effect or delay the finality of the Final Approval Order or the judgment. A reduction by the Court, on

appeal or otherwise, of the attorneys' fees and costs requested by Class Counsel or the Named Plaintiff Enhancement Award requested is not considered material to this Agreement and shall not affect any other rights or obligations under this Agreement.

### I.      Full and Final Settlement

The Parties agree that this action is being voluntarily settled after consultation with experienced legal counsel and that the terms of the Settlement were negotiated at arm's length and in good faith. The Parties intend the Settlement to be a final and complete resolution of the Released Claims. In order to effectuate that purpose, the Parties agree to cooperate with one another and use their best efforts to finalize and effectuate this Agreement, including, but not limited to, seeking the Court's approval of procedures (including the giving of the Settlement Notice and scheduling the Fairness Hearing under Federal Rules of Civil Procedure 23(c) and (e)) to obtain Final Approval of the Settlement and the judgment of final dismissal with prejudice of the Litigation. The Parties further agree not to do anything to encourage any member of the Settlement Class to oppose or obstruct the Settlement or to opt out of the Settlement.

### J.      Release

Upon the Effective Date and without any further action by the Court or by any Party to this Agreement, Plaintiff and all of the Class Members and all of their administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors, and successors (collectively, the "Releasors"), for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall, in fact, have remised, released, and forever discharged any and all of the Released Claims, which they, or any of them, had or has, or may in the future have or claim to have against the Released Persons. After the Effective Date, the Releasors shall not seek, and are hereafter barred and enjoined from seeking, to recover from any Released Persons based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims.

Releasors also expressly waive and release upon the Effective Date any and all rights and benefits conferred by any provision, statute, regulation, rule, or principal of law or equity of any state or applicable jurisdiction that provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor. The Releasors acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all Released Claims, and in furtherance of such intention, this release shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## III. PROCEDURES FOR EFFECTUATING SETTLEMENT

### A.    Preliminary Approval

Promptly after the execution of this Agreement, Plaintiff will move the Court for an order preliminarily approving the Settlement and requesting that the Court do the following:

1.    Approve the form and content and manner of service of the Settlement Notice to be sent to the Settlement Class, substantially in the form of Exhibit B to this Agreement, as described in Section II.E above;

2.    For purposes of this Settlement only, conditionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3), appoint Plaintiff Amy Silvis as the class representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

3.    Set the date of the Fairness Hearing, which shall be no later than one hundred twenty (120) days after the Preliminary Approval Date and shall be included in the Settlement Notice, and at which Plaintiff shall obtain entry of an order and final judgment as to Defendant:

a.       approving the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and directing the consummation of the Settlement according to its terms;

b.       directing that the Litigation be dismissed with prejudice and, except as provided herein, without costs;

c.       reserving exclusive and continuing jurisdiction over the Settlement, including the administration and consummation of the Settlement, to the Court; and

d.       approving the release of the Released Claims as specified herein as binding and effective as to all Class Members and permanently barring and enjoining such Class Members from asserting any Released Claims.

### B.       Treatment of Potential Opt Outs and Objectors

Subject to an Order of the Court so providing, the Parties agree that:

### 1.       Opt Outs

Any member of the Settlement Class, other than the Named Plaintiff, may elect to be excluded from this Settlement and from the Settlement Class by timely and properly opting out of the Settlement Class. Any member of the Settlement Class who desires to be excluded from the Settlement Class must give to the Settlement Administrator on or before the date specified in the Settlement Notice written notice of his election to be excluded, including the requestor's full name and current address and signed by the requestor. The last date to opt out of the Settlement Class will be seventy-five (75) days after the Preliminary Approval Date, subject to Court approval and inclusion in the Settlement Notice ("Opt-Out Deadline"). Any member of the Settlement Class who timely and properly opts out of the Settlement Class pursuant to the terms of this Agreement will not be bound by the terms of this Agreement, including any releases contained herein.

Named Plaintiff agrees not to opt out of this Settlement, but rather affirmatively to support entry of the Final Approval Order. None of the Named Plaintiff, Class Counsel, Defendant, or Defendant's counsel shall in any way encourage any member of the Settlement Class to opt out or discourage any member of the Settlement Class from participating in this Settlement. No later than fourteen (14) days after the Opt-Out Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with the percentage of the Settlement Class that has opted out of this Agreement (the "Opt-Out Percentage"). If fifteen (15) percent or more of the Settlement Class exercise the right to opt out of the Settlement Class, Defendant shall, in its sole discretion, have the right to rescind this Settlement Agreement by written notice to Class Counsel within ten (10) business days after receiving the Opt-Out Percentage from the Settlement Administrator.

### 2.    Objections

Any Class Member who wishes to object to the Settlement must file a written objection and/or a notice of intention to appear before the Court at the Fairness Hearing, and serve copies of the same on Class Counsel and counsel for Defendant, as set forth in the Settlement Notice. Any objection must set forth in writing a brief statement of the nature of the objection, the reasons for the objection, and copies of any papers that the objector intends to present to the Court in support of the objection at the Fairness Hearing. The last day for Class Members to object to the Settlement will be seventy-five (75) days after the Preliminary Approval Date.

Named Plaintiff agrees not to object to entry of the Final Approval Order of this Settlement, but rather affirmatively to support entry of the Final Approval Order. None of the Named Plaintiff, Class Counsel, Defendant, or Defendant's counsel shall in any way encourage any Class Member to object to this Settlement.

### C.    Final Approval of the Court

Plaintiff shall file all motions and other filings in support of the request for a Final Approval Order no later than twenty-one (21) days prior to the date set for the Final Approval Hearing. Plaintiff shall file all motions and other filings in support of the motion for approval of attorneys' fees and reimbursement of costs and expenses for Class Counsel and the Named Plaintiff Enhancement Award no later than sixty (60) days after the Preliminary Approval Date.

This Agreement and the Settlement embodied herein are subject to final approval by the Court. If the Settlement is finally approved, the Court will enter a judgment dismissing all claims against Defendant with prejudice. Named Plaintiff waives any right to appeal or collaterally attack a Final Approval Order entered by the Court.

If this Agreement is not approved or if it is materially modified by the Court or upon appeal or remand, any Party may rescind this Agreement in its entirety by written notice to the Court and to counsel for the other Parties filed and served within ten (10) business days of the event triggering the right to rescind. If no Party timely elects to rescind, then the Parties shall remain bound to the Settlement as so modified. For purposes of this paragraph, a "material modification" is one that significantly affects the rights or obligations of one or more of the Parties. Without limiting the foregoing and by way of illustration only, (a) any change to the scope of the Release set forth in this Agreement; (b) any change to the Final Approval Order, or (c) any increase in the cost of the Settlement to be borne by Defendant shall be deemed to be a material modification. No order or action of the Court pertaining to attorneys' fees or expenses shall be considered to constitute a material modification so long as such order, action, or modification does not increase the cost of Settlement to be borne by Defendant and does not require that Defendant do anything not specifically set forth herein. Similarly, no order or action of the Court pertaining to the Named Plaintiff Enhancement Award shall be considered to constitute a material modification so long as such order, action, or modification does not increase the cost of Settlement to be borne by Defendant and does not require that Defendant do anything not specifically set forth herein.

Any dispute as to the materiality of any modification or proposed modification of this Agreement shall be resolved by the Court.

### D.     Termination of Agreement

This Agreement shall terminate: (a) automatically if the Court fails to approve the Agreement; (b) at the timely election of any Party, in the event of any proposed material modification of this Agreement as a condition to approval of the Settlement; (c) at the timely election of Defendant, in the event of fifteen (15) percent or more of the Settlement Class opting out of the Settlement Class; or (d) prior to approval of this Agreement by the Court, upon the mutual agreement of the Parties by and through their respective counsel.

### E.     Effect of Termination of Agreement

If this Agreement is terminated, each Party shall return to his, her, or its respective status as of the date of execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed and any related orders had not been entered, preserving all of their respective claims and defenses.

## IV.    MISCELLANEOUS PROVISIONS

### A.     Costs

Except as otherwise provided in this Agreement, each Party shall bear its own costs and expenses.

### B.     Entire Agreement

This Agreement, together with the Exhibits hereto, constitutes the entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda, and agreements between the Parties. Neither Named Plaintiff nor Defendant are entering into this Agreement in reliance upon any representations, warranties, or inducements other than those contained in this Agreement.

### C.      Amendments

This Agreement may be modified or amended only by (a) an order of the Court, or (b) a writing signed by (i) Class Counsel, and (ii) counsel for Defendant.

### D.      Extensions of Time

The Parties may jointly request that the Court allow reasonable extensions of time to carry out any of the provisions of the Agreement without formally amending this Agreement.

### E.      Plaintiff's Authority

Class Counsel represent and warrant that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Named Plaintiff and, subsequent to an appropriate Court Order, the Settlement Class or Class Members in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate modifications or amendments to this Agreement on behalf of the Named Plaintiff and, subsequent to an appropriate Court Order, the Settlement Class or Class Members.

### F.      Counterparts

This Agreement may be executed in one or more counterparts, all of which together shall be deemed to be one and the same instrument. The Parties agree that a copy of the executed counterparts may be filed with the Court in connection with the motion to approve the Settlement, either in portable document format or some other suitable electronic form, as an exhibit to Plaintiff's Motion for Preliminary Approval without the need to collate and file a copy with original signatures.

### G.      Binding Nature

This Agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of the Plaintiff, Class Members, and Defendant.

**H.     Construing the Agreement**

This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been initially drafted by counsel for only one of the Parties. It is recognized that this Agreement is the result of arm's-length negotiations between the Parties, and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement; accordingly, the doctrine of *contra proferenturn* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply. Each Party acknowledges that it has been and is being fully advised by competent legal counsel of the Party's own choice and fully understands the terms and conditions of this Agreement, and the meaning and import thereof, and that such Party's execution of this Agreement is with the advice of such Party's counsel and of such Party's own free will. Each Party represents and warrants that it has sufficient information regarding the Litigation, the Settlement, and the other Parties to reach an informed decision and has, independently and without relying on other Parties, and based on such information as it has deemed appropriate, made its own decision to enter into this Agreement and was not fraudulently or otherwise wrongfully induced to enter into this Agreement.

**I.     Taxes**

The Plaintiff, Eligible Class Members, and Class Counsel receiving funds pursuant to this Agreement shall be solely responsible for filing all information and other tax returns necessary or making any tax payments related to funds received pursuant to this Settlement Agreement. Defendant makes no representations regarding, and shall not be responsible for, the tax consequences of any payments made pursuant to this Agreement.

**J.     Public Statements**

Any press release or other public statement published or authorized by Plaintiff or her representatives, including Class Counsel, shall be sent to Defendant's counsel for their input and approval, which consent shall not be unreasonably withheld or unduly delayed.

**K.     Choice of Law**

This Agreement shall be governed by and interpreted in accordance with the substantive common law of the Commonwealth of Pennsylvania, exclusive of choice of law principles.

**L.     Jurisdiction**

The Parties submit to the exclusive jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing this Agreement or implementing any part of the Settlement embodied in this Agreement.

**M.     No Admissions**

Neither this Agreement nor any proceedings connected with it shall be deemed or construed to be an admission by any Party or any Released Person of any wrongdoing or liability or evidence of any violation by Defendant of any federal or state statute or law either in the Litigation or in any other proceeding, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Agreement. This Agreement represents the settlement of disputed claims and does not constitute, nor shall it be construed as, an admission of the correctness of any position asserted by any Party, or an admission of liability or of any wrongdoing by any Party, or as an admission of any strengths or weaknesses of the Plaintiff's or putative class's claims or Defendant's defenses. Defendant specifically denies any wrongdoing or liability by any of the Released Persons.

**N.     Headings**

The captions and headings employed in this Agreement are for convenience only, are not a part of the Agreement, and shall not be used in construing or interpreting the Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

Dated: _____          _____

Amy Silvis

Individually ndo behalf of
the Settlement

Dated: •167Y/ _____

c

Jon        hub
Kohn ,wik& Graf P.C.
One Smith thoad Street, Suite 2100
Philadelphia PA 19107

Dated: id-- V, /7

Troy M. ederic      k
Marcus & Mack P.C.
57 South Sixth Street

Dated: /0/9/7 _____

Am it N rtheost, LL
By        776,0113•4 0!
T  l e :      C d

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

*Amy Silvis*

Dated: _____

Dated: 1 c - ,a On

Amy Sil s _____
Individually and on behalf
of the Settlement Class

Dated: _____

Jonathan Shub
Kohn Swift & Graf P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Dated: _____

Troy M. Frederick
Marcus & Mack P.C.
57 South Sixth Street
Indiana, PA 15701 _____

_____

Ambit Northeast, LLC
By: _____
Title: