IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY SILVIS, on behalf of herself and all others similarly situated,<br><br>                        Plaintiff,<br>    v.<br><br>AMBIT NORTHEAST, LLC,<br><br>                        Defendant. | No. 2:14-CV-05005-ER<br><br>CLASS ACTION |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

      This matter came before the Court for hearing, on February 1, 2018, pursuant to the Order of this Court, dated February 22, 2018 ("Preliminary Approval Order") (ECF No. 90), and on the application of the Plaintiff for a judgment finally approving the Settlement that is set forth in *Plaintiff's Amended Unopposed Motion For Preliminary Approval Of Class Action Settlement* dated October 17, 2017, (collectively, including the Exhibits, the "Settlement Agreement"), (ECF Nos. 81 through 81-10). Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had for this matter and otherwise being fully informed in the premises and good cause appearing thereupon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

      1.    This Final Judgment and Order of Dismissal incorporates by reference the Preliminary Approval Order (ECF No.'s 89 and 90). This Final Judgment and Order of Dismissal further incorporates by reference the definitions in the Settlement Agreement (specifically, ECF No. 81-3) and unless otherwise specified herein all capitalized terms

contained in this Final Judgment and Order of Dismissal shall have the meanings attributed to them in the Settlement Agreement.

2. For purposes of effectuating this Settlement only, the Court hereby Orders final certification of the proposed Settlement Class, having found that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met. The Settlement Class is defined as:

> All persons in the Commonwealth of Pennsylvania who were enrolled as a customer of Defendant and were on Defendant's Select Variable Plan at any time from January 1, 2011 through February 22, 2018.

Excluded from the Settlement Class are:

Defendant, any entities in which it has a controlling interest, and any of their parents, subsidiaries, affiliates, officers, directors, employees, and members of such person's immediate family; the presiding judge(s) in this case and their immediate family; and any person who has previously released claims against Defendant.

3. Under the Settlement, Defendant has agreed to pay Eligible Class Members as follows:

> i. Each Class Member with a date of enrollment as Defendant's Customer from January 1, 2011, through January 12, 2014, and who was on Defendant's Select Variable Plan at any time, will receive a check in the amount of 15% of all amounts paid to Defendant by the Class Member only for the Time Periods during which such Settling Class Members were on the Select Variable Plan.
>
> ii. Each Class Member with a date of enrollment as Defendant's Customer from January 13, 2014, through the date of Preliminary Approval, and who was on Defendant's Select Variable Plan at any time, will receive a check in the amount of 2% of all amounts paid to Defendant by the Class Member only for the Time Periods during which such Class Member was

on the Select Variable Plan[1].

4. A list of those persons who timely and validly filed requests for exclusion from the Settlement Class is attached as Exhibit "C" to the Declaration of Settlement Administrator (ECF No. 93). The persons appearing on Exhibit "C" to the Declaration of Settlement Administrator shall not be members of the Settlement Class and shall have no right to receive any portion of the Settlement. All members of the Settlement Class (whether or not he, she or it submits a valid Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

5. The Court appoints Plaintiff Amy Silvis to serve as representative of the Settlement Class ("Class Representative"). The Court appoints the law firms of Kohn, Swift & Graf, P.C., and Marcus & Mack, P.C. as Class Counsel for the Settlement Class.

6. Solely for the purposes of effectuating the Settlement, with respect to the Settlement Class and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court further finds and concludes that:

a) Solely for purposes of the proposed settlement, certification of the Settlement Class is warranted because: (i) the members of the Settlement Class are so numerous that joinder is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Plaintiff's claims present issues that are typical of the

---

[1] A limited number of members of the Settlement Class with dates of enrollment as Defendant's customer from January 13, 2014, through the Preliminary Approval Date did not receive an updated Disclosure Statement from Defendant prior to becoming enrolled on Defendant's Select Variable Plan. These members of the Settlement Class, if they are Eligible Class Members, will be treated as if they had enrolled as Defendant's customer on or before January 12, 2014, for purposes of determining the amount of the check they will receive in the Settlement. Defendant states that 4,274 Class Members qualify for this exception.

proposed Settlement Class; and (iv) the Plaintiff and Class Counsel fairly and adequately represent and protect the interests of the Settlement Class. The Court further finds that for purposes of this Settlement, issues of law and fact common to the Settlement Class predominate over issues affecting only individual Settlement Class members and that settlement of this action is superior to other means available for fairly and efficiently adjudicating the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this Action.

b) Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

c) The Court finds that the claims administration plan described in the Settlement Agreement fairly and adequately addresses the matters of settlement administration, claims submission and provision of the Settlement to Authorized Claimants. To become an Authorized Claimant to the Class Settlement, a Settlement Class member must submit a claim in the manner set forth in the instructions accompanying the Claim Form. The Claims Administrator shall

provide the appropriate Settlement distribution to Authorized Claimants in accordance with the claims administration plan and the Settlement Agreement.

d) All Settlement Class members whose claims are not approved (including, without limitation, anyone who does not submit a Claim Form by the end of the Claims Period) will be barred from receiving any distribution from the Settlement, but in all other respects will be bound by all of the terms of the Settlement Agreement and the terms of this Final Judgment and Order of Dismissal, including without limitation, the releases provided for in the Settlement Agreement and in this Order, and will be barred from bringing or prosecuting any action against the Released Persons concerning the Released Claims.

e) The Court finds that the Settlement Agreement was arrived at in good faith following extensive arm's-length negotiations between experienced counsel, and the Settlement is fair, reasonable and adequate as to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Court therefore approves the Settlement Agreement and the Settlement contemplated thereby in all respects, and orders the Parties to perform in accordance with its terms to the extent the Parties have not already done so.

f) This Action and all of the Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

g) Upon the Effective Date, the Plaintiff and the Settlement Class shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have,

fully, finally, and forever released, relinquished and discharged the Released Persons from all Released Claims.

h) The Court further orders that (a) all proceedings in the Action are stayed, other than proceedings in furtherance of the Settlement; and (b) all Settlement Class members and all persons acting or purporting to act on behalf of any Settlement Class member(s), who did not timely and properly opt-out from the Settlement Class in accordance with the court-ordered procedures, are enjoined under applicable law, including but not limited to the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction Act, 28 U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury), in any jurisdiction, court or forum against a Released Party relating to or arising out of the subject matter of the Action.

i) Neither the Settlement Agreement, nor the fact or any terms of the Settlement, is evidence, or an admission or concession by any Party, any Released Person or any signatory to the Settlement Agreement, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings. The Settlement Agreement is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action or any wrongdoing by the Defendant or any damages or injury to any Settlement Class member. Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements

referred to therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith: (i) will (A) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Persons, or of the validity or infirmity of any defense, or of any damage to Plaintiff or any Settlement Class member; or (B) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault, or wrongdoing of the Released Persons or of any injury or damages to any person; or (ii) will otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever, except in connection with consummating or enforcing the Settlement Agreement, the Preliminary Approval Order, or this Final Judgment and Order of Dismissal.

j) The Court finds that a "Fee and Expense Award" to Class Counsel in the amount of $1,450,000.00 is fair and reasonable. Therefore, pursuant to the Settlement Agreement, Defendant shall pay, within ten (10) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from the order awarding the fees has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the fees, the highest court to which such appeal may be taken affirms the order awarding the fees.

k) The Court further finds that a Named Plaintiff Enhancement Award of $2,500.00 to the Class Representative is fair and reasonable, which Named Plaintiff Enhancement Award shall be paid separately by Defendant within ten (10) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from the order awarding the Named Plaintiff Enhancement Award has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the Named Plaintiff Enhancement Award, the highest court to which such appeal may be taken affirms the order awarding the Named Plaintiff Enhancement Award.

l) Pursuant to the agreement of the Parties, the Court hereby severs the above Fee and Expense Award from this Final Judgment and Order of Dismissal so that it shall immediately become a separate and independent Order and not part of this Final Judgment and Order of Dismissal.

m) Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and the claims administration plan, including without limitation, administrative determinations of the Settlement Administrator or Defendant accepting and rejecting claims and any provision regarding payment of the Settlement; (ii) the payment of attorneys' fees and expenses; and (iii) both Parties and the Parties' Counsel for the purpose of construing, enforcing, and administering the Settlement Agreement.

n) If (i) said Final Judgment and Order of Dismissal is reversed or (ii) the Effective Date otherwise does not occur, then, in any such event:

1) The Settlement Agreement, and all orders entered and releases delivered in connection with the Settlement, including without limitation the certification of the Action as a Settlement Class Action, the Preliminary Approval Order, this Final Judgment and Order of Dismissal and the Fee and Expense Award, will be null and void and of no further force or effect, without prejudice to either Party, and may not be introduced as evidence, referred to, or used as the basis for any arguments or taking any position whatsoever in any actions or proceedings by any person or entity, in any manner or for any purpose, including but not limited to claim preclusion (res judicata), issue preclusion (collateral estoppel) or judicial estoppel; and

2) Each Party will be restored to her or its respective position as of the date the Settlement Agreement was signed (October 6, 2017) and they will proceed in all respects as if the Settlement Agreement had not been circulated, the Settlement Agreement had not been entered into, and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action will be preserved without prejudice in any way.

3) In addition, the Released Persons shall retain all substantive and procedural rights and defenses, including but not limited to the right to take any action and take any position in opposition to certification of a litigation class action, which rights and defenses shall not be affected by the doctrines of judicial estoppel, issue preclusion (collateral estoppel) or

claim preclusion (res judicata), or any other doctrine, or waived, limited, or prejudiced in any way whatsoever by the Parties' efforts to obtain approval of the certification of a Settlement Class action, the Settlement, and the Settlement Agreement.

SO ORDERED, this 16th day of August, 2018

                                            /s/ Eduardo C. Robreno
                                            Eduardo C. Robreno
                                            U.S. DISTRICT JUDGE